THE STATE *ex rel.* DONHAM, *Appellant,* v. YANCY.

In Banc, June 25, 1894.

1. **Constitution:** LOCAL AND SPECIAL LAWS: GREENE COUNTY CRIMINAL COURT. Neither the act of the legislature of April 26, 1889, establishing the Greene county criminal court, nor the act of April 27, 1893, separating the clerical duties of the criminal court from the office of the circuit clerk is a local or special law within the constitutional prohibition against local or special laws. (Const., art. 4, secs 53, 54).

2. ———: ———. The question whether a law is a local or general one is to be determined by the generality with which it affects the people as a whole, rather than by the extent of the territory over which it operates and if it affects generally all persons within its operation, it is neither a general nor a special law.

3. ———: ———: NOTICE. The publication of the notice required by the constitution (art. 4, sec. 54) of the proposed passing of a local or special law does not make the law local or special.

4. ———: ———. Where a specific grant of power is conferred by the constitution on the legislature as to any particular subject, an act passed in pursuance of such grant will not be deemed special or local legislation.

5. ———: CRIMINAL COURTS. Constitution article 6, section 3, which provides that "the general assembly shall have no power to establish criminal courts, except in counties having a population exeeding fifty thousand" is a sufficient recognition of the right to establish such courts in counties having a population exceeding fifty thousand.

6. ———: PRESUMPTION. Acts of the general assembly are presumed to be constitutional until the contrary is clearly shown.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Henry C. Young, George Pepperdine, T. J. Delaney* and *J. M. Harrell* for appellant.

(1) The act of the legislature under which respondent holds is in conflict with sections 53 and 54, article 4, constitution of Missouri, prohibiting local and special legislation. *First.* The act creating the criminal court of Greene county, though valid, was special and local. Under the provisions of section 27, article 4, of the constitution of Missouri, 1865, similar acts were held to be local and special, but sustained upon the ground that the legislature was the sole judge as to whether a general law would apply. *State v. County Court*, 50 Mo. 324; *Hall v. Bray*, 51 Mo. 294; *State v. Ebert*, 40 Mo. 190; *Smith v. Howard*, 53 Mo. 88; *State v. Daniels*, 66 Mo. 192; *State ex rel. v. County Court*, 51 Mo. 82. *Second.* The framers of the constitution and the people in adopting it are presumed to have had these decisions in view when they amended the old section of the constitution and inserted the present provisions in lieu thereof. Endlich on Interpretation of Statutes, secs. 517, 530; *State v. Daniels*, 66 Mo. 192; Sedgwick on Const. St. and Const., 235, 236; *Freeholders v. Stevenson*, 46 N. J. L. 173; *Tiger v. Common Pleas*, 42 N. J. L. 631; *Saunders v. Anchor Line*, 97 Mo. 26; *State ex rel. v. Owsley*, 122 Mo. 68. *Third.* And the statute assailed being an amendment of a special and local law, is necessarily special and local, and void because no notice of intention to apply therefor was given. *Ex Parte Pritz*, 9 Iowa, 30; *Davis v. Woolnaugh*, 9 Iowa, 104; *Hetheringyton v. Bissel*, 10 Iowa, 145; *Tiger v. Common Pleas*, 42 N. J. L. 631; *State v. Kring*, 74 Mo. 612. (2) *First.* The act is special and local within the meaning of the recognized and accepted

authorities on the subject.  *State v. Hermann*, 75 Mo. 341; *State v. Kring*, 74 Mo. 612; *State v. County Court*, 89 Mo. 238; *State v. Tolle*, 71 Mo. 645.  *Second.* It is special, because it selects an individual from a class, and is leveled at him.  *State v. Hermann*, 75 Mo. 341; *State ex rel. v. Pond*, 93 Mo. 640; *State v. Hammer*, 42 N. J. L. 435; *Skinner v. Collector*, 42 N. J. L. 407; *Pell v. Newark*, 40 N. J. L. 77; *Tiger v. Morris*, 42 N. J. L. 631.  *Third.* It is special, because it does not "include all and exclude none of a class."  *Weinman v. Railroad*, 12 Atl. Rep. (Pa.) 288; *Mitchell v. KcCorkle*, 69 Ind. 184; *Bingham v. Gibbs*, 46 N. J. L. 513; *State ex rel. v. Common Council*, 25 Atl. Rep. (N. J) 113; *Van Riper v. Parsons*, 40 N. J. L. 123; *Davis v. Clark*, 106 Pa. St. 377; *Gilson v. Board*, 27 N. E. Rep. (Ind.) 235.  *Fourth.* It is special, because it establishes a novel tenure of office, which is peculiar to the appointee of this office and applicable to no other clerk.  R. S. 1889, sec. 1964; *State ex rel. v. Blakemore*, 104 Mo. 340.  *Fifth.* It is special, because it vacates the office of clerk of the criminal court, of Greene county, before the expiration of his term and affects, the term of office of no other clerk.  R. S. Mo., sec. 1988; Cooley's Const. Law [5 Ed.], pp. 483, 485; *State ex rel. v. Hermann*, 75 Mo. 340; *Montgomery v. Com.*, 91 Pa. St. 125; *Devine v. Board*, 84 Ill. 590; *Weinman v. Railroad*, 12 Atl. Rep. 288; 118 Pa. St. 192; Sutherland on Stat. Const., secs. 127, 129.  (3) The act is a regulation of the internal affairs of Greene county.  *Gibbs v. Morgan*, 39 N. J. Eq. 126; *State ex rel. v. Henning*, 110 Mo. 82; *Commonwealth v. Patton*, 88 Pa. St. 258; *State ex rel. v. Hammcr*, 42 N. J. L. 435.  (4) The act is one prescribing the powers and duties of an office in a county.  *Farrell v. Board*, 24 Pac. Rep. (Cal.) 868.  (5) A general law could have been made applicable.  See point (2), *supra*, sub-

points *second*, *third* and *fourth*; R. S. 1889, secs. 1964, 1988. (6) The causes of *State ex rel. v. Fields, Hughlett v. Hughes*, and the ones upon which they are based do not apply, because: *First.* There is no specific constitutional requirement that the legislature shall enact the law under discussion, and the court affected is a creature of the statute purely. *State ex rel. v. Smith*, 82 Mo. 53; *State ex rel. v. Laughlin*, 73 Mo. 447; *People v. McCann*, 16 N. Y. 60; *Williams v. People*, 24 N. Y. 405. *Second.* The constitutional grant of power or requirement to legislate upon a given subject, does not, of necessity, authorize special legislation with relation to that subject in all cases. *Hyott v. Allen*, 54 Cal. 353; Sedg. on Stat. Const., 19; *People ex rel. v. Potter*, 47 N. Y. 379. *Third.* A different construction would nullify, or at least cripple the effect of the constitutional provisions in relation to special legislation. Sec. 32, art. 6, Const. Mo.; sec. 10, art. 8, Const. Mo.; secs. 1, 3, 5, art. 9, Const. Mo.; secs. 12, 14, 27, art. 12, Const. Mo.; secs. 7, 9, art. 14, Const. Mo.; sec. 15, schedule under art. 15, Const. Mo. *Fourth.* And the following cases relied upon by respondent have either been held to be general laws, within the recognized acceptation of the term, or fall literally within the rule invoked, that the exercise of the power could not be had, except by special legislation. *State ex rel. v. Hughes*, 104 Mo. 461; *Ewing v. Hoblitzelle*, 85 Mo. 74. (7) The act violates section 5, article 14, section 39, article 6, constitution, under which relator was entitled to hold his office for the full term for which he was commissioned. *State v. McAdoo*, 36 Mo. 453; *State v. Stonestreet*, 99 Mo. 361; *People v. Jewett*, 6 Cal. 291; *State ex rel. v. Harrison*, 113 Ind. 435. (8) The act, while preserving the duties and emoluments of the office intact, attempts to remove the officer and devolve the office upon another. *State*

*v. Leonard*, 7 S. W. Rep. (Tenn.) 453. (9) The act violates section 39, article 6, constitution, which makes the office of clerk of all courts of record, except the supreme court and courts of appeal, elective. *Young v. Bordman*, 97 Mo. 181; *State ex rel. v. Blakemore*, 104 Mo. 340; *Town v. Harris*, 3 S. W. Rep. 614; *Sill v. Village*, 15 N. Y. 301; Opinion of Justices, 117 Mass. 613. (10) The act is void, because passed in violation of the constitutional mandates relative to the form and manner of adoption of a bill. *First*. The bill as it passed the house, had no title, and its title was not read and not agreed to in the house. Const. Mo., sec. 28, art. 4; *State ex rel. v. Mead*, 71 Mo. 266; *State v. Wray*, 109 Mo. 594; *Dart v. Bagley*, 110 Mo. 42; Sutherland on Const. Stat. and Const. *Second*. Bill was not reported from committee. Sec. 27, art. 4, Const. of Mo. *Third*. Motion to reconsider was not entertained immediately after the bill failed to pass. Const. of Mo. sec. 35, art. 4. *Fourth*. Bill was not signed by speaker before it was presented to the governor and could not then be recalled. Const. of Mo., sec. 38, art. 4; *People v. Devlin*, 88 Am. Dec. (N. Y.) 377. (11) The commission issued before the law went into effect and is void. *State ex rel. v. McGrath*, 64 Mo. 140; *State ex rel. v. Harrison*, 113 Ind. 434. (12) The act creating the criminal court of Greene county also created the separate office of clerk of said criminal court. 19 Am. and Eng. Encyclopedia of Law, p. 380; *State ex rel. v. Walker*, 97 Mo. 162. But it matters not whether a separate office was provided for or not, the act assailed is still void. Sec. 12, art. 9, Const. of Mo. (13) The New York authorities cited by respondent as to what constitutes a local law are shown to be inapplicable to this case by other authorities drawn from the same state. *Kerrigan v. Force*, 68 N. Y. 381.

*Goode & Cravens* for respondent.

(1) If there was such an office as clerk of the criminal court of Greene county prior to the act of April 7, 1893 (which we deny, and insist that the office was first created as an independent function by that act) this would not render the act void on the ground that it impaired a vested right of the defendant. All offices of merely statutory origin are but creatures of the legislative will, and the legislature may at any time abolish; abridge the term, or diminish the emoluments of, an office created by statute or pursuant to the authority given by statute (but not of one created by the constitution) and the incumbent whose interest is affected has no ground of complaint. *Primm v. Carondelet,* 23 Mo. 22; *Advisory Opinion of Judges,* 38 Mo. 419; *State ex rel. v. Davis,* 44 Mo. 129; *State ex rel. v. Straat,* 41 Mo. 45; *State ex rel. v. Herman,* 11 Mo. App. 43; *Schulenburg v. Evans,* 59 Mo. 41; *Westburg v. Kansas City,* 64 Mo. 493; *Givens v. Daviess Co.,* 107 Mo. 603. (2) The act creating the office of clerk of the criminal court of Greene county, Missouri, is not within the constitutional inhibition against local laws, for the same reasons that the act creating the criminal court of Greene county is not within the inhibition. "No law is special or local within the meaning of the constitutional inhibition, when the constitution contains a special grant of power to pass such a law." *State ex rel. v. County Court,* 50 Mo. 317; *State ex rel. v. Walton,* 69 Mo. 556; *State ex rel. v. Tolle,* 71 Mo. 645; *Ewing v. Hoblitzelle,* 85 Mo. 64; *State ex rel. v. Shields,* 4 Mo. App. 259. The effect of article 6, section 31, has been construed to be a direct grant of power to the legislature. *Ex parte Renfrow,* 112 Mo. 591. This clearly gave the general assembly the power to create a crimi-

nal court in Greene county when it saw proper. "The power to provide for a clerk and to define his duties is necessarily incident to the power to establish a court." *Ex parte Gustav Kiburg,* 10 Mo. App. 442. (3) This is not a local act within the meaning of the constitutional inhibition, because it affects the judicial department of the state, which is a unit and any particular court is identified with the entire state system and may be legislated about without contravening the constitutional clause against special or local laws, though the territorial jurisdiction of that court may be circumscribed. Such acts as the one creating the office of clerk of the criminal court of Greene county, or the one creating the criminal court itself, have never been held to be local or special legislation, though they have often been passed on by courts of last resort. *State ex rel. v. Shields,* 4 Mo. App. 259; *State ex rel. v. Hughes,* 104 Mo. 459; *State v. Orrick,* 106 Mo. 111; *State ex rel. v. Field,* 24 S. W. Rep. 752; *State v. Daniels,* 66 Mo. 192; *Wilcox v. State,* 3 Heisk. 114. (4) The journals of the house and senate do not show affirmatively such irregularities in the passage of the act as render it void. *State ex rel. v. Mead,* 71 Mo. 266; *State ex rel. v. Field,* 24 S. W. Rep. 752; *Attorney General v. Rice,* 64 Mich. 385. (5) An act of the legislature must appear to be unconstitutional beyond doubt before the judiciary will pronounce it invalid for that reason. "In case of doubt every possible presumption not directly inconsistent with the language and subject, will be made in favor of its constitutionality." *Ewing v. Hoblitzelle,* 85 Mo. 64; *Phillips v. Railroad,* 86 Mo. 540.

BURGESS, J.—This is a proceeding in the nature of a *quo warranto* begun in the circuit court of Greene county, Missouri.

By an act of the general assembly of the state, approved, April 26, 1889, a criminal court was established in said county. The title of the act is as follows: "An act to establish a criminal court in Greene county, and to provide for the appointment and election of the judge thereof, fixing his compensation, and to define the powers and jurisdiction of said court."

By section 12, of said act it is provided that "the clerk of the circuit court of said Greene county shall also act as and be the clerk of said criminal court, and shall perform the same duties and receive the same compensation as is or may be allowed to clerks of circuit courts for their services." Laws, 1889, p. 87. At the time of the passage of the act establishing said criminal court, as well also as at the time of the commencement of this proceeding the relator was clerk of the circuit court of said county, and as such was discharging the duties and exercising the functions of clerk of the criminal court.

The general assembly, by an act, approved, April 7, 1893, detached the clerical duties of the criminal court from the office of the clerk of the circuit court and created an independent office of clerk of the criminal court of Greene county, providing for the appointment of a clerk thereof by the governor, defining his qualifications, duties, and fixing the tenure of office. To this office defendant was duly appointed and qualified, and was in custody thereof, as such clerk, at the time of the filing of the petition herein. Upon the trial in the court below, the judgment was for defendant, dismissing the petition and for cost, from which judgment relator appealed.

The first contention of the relator is that the act of the legislature of 1893, creating the office of clerk of the criminal court of Greene county is in conflict with sec-

tions 53 and 54, article 4, of the constitution of this state, prohibiting local and special legislation.

Section 53 provides that "The general assembly shall not pass any local or special law." Section 54 provides that "no local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated."

Under these provisions of the constitution the legislature had no power to pass any local or special law, except in the manner and in the circumstances specified therein.

By section 31, article 6, of the constitution it is provided that "the general assembly shall have no power to establish criminal courts, except in counties having a population exceeding fifty thousand." It seems clear, under this section, that the legislature had the power to create a criminal court in Greene county. It was so held by this court in *Ex Parte Renfrow*, 112 Mo. 591. While it is not said in exact terms in that case that the act creating said court was not special or local legislation, yet, as what was said as to the constitutionality of the act creating the court was predicated upon the section of the constitution last quoted, it may be fairly inferred that the court were of the opinion that it was not local or special.

The act in question is in no sense special or local within the meaning of the constitution because of the fact that it creates a court at one particular location. The same could as well be said with respect to all other courts in the state, to which all persons, without regard to habitation, appeal for the redress of wrongs done them, and the adjustment of their rights. The court created by the act in question has original jurisdiction of all crimes committed within the county of Greene, as well, also, as of any criminal case that may be taken

thereto by change of venue from any other court in the state having criminal jurisdiction, it matters not where it may be. Its judge is commissioned and paid by the state and it matters not where the court may be held, it is a criminal court for the state as much so as the criminal court of St. Louis, Kansas City or St. Joseph.

Since the adoption of the present constitution the number of judges of the circuit courts composed of the county of Buchanan as one circuit and also of Jackson as another circuit have been increased, by legislative enactment, and it will not, we presume, be seriously contended that such legislation was either local or special. In *State ex rel. Hughlett v. Hughes*, 104 Mo. 459, it was held that an act of the legislature providing for the holding of two terms of the circuit court of that circuit at Montgomery City, in Montgomery county, was not a special or local law, and did not come within the provisions of article 4, section 54, of the constitution providing that "no local or special law shall be passed until notice of the intention to apply therefor shall have been published in the locality." BRACE, J., in speaking for the court, said: "It is preeminently a state court, affecting in its operations all the citizens of the state, deriving its power directly from the organic law of the state and the laws passed by the legislature in pursuance thereof, and whenever and wherever held it is the circuit court of the state of Missouri, within and for the county in which it is held; it is not, and in no sense can be, a local court, nor can any law the legislature may pass regulating the time and place of holding its terms be a local law." See, also, *State ex rel. v. Field*, 119 Mo. 593; *State v. Orrick*, 106 Mo. 111; *Wilcox v. State*, 3 Heisk. 110; *Moore v. State*, 5 Sneed, 510; *Cordova v. State*, 6 Tex. App. 207; *Conner v. Mayor*, 1 Selden, 285; *State ex rel. v. Walton*, 69 Mo. 556.

Whether an act of the legislature be a local or general law must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates, and if it affects equally all persons who come within its range, it can neither be special nor local within the meaning of the constitution. Moreover, the general power of the legislature to establish criminal courts in counties having a population exceeding fifty thousand is clearly recognized by section 31, article 6, of the constitution, as by prohibiting the establishing of criminal courts in such counties, by express terms, having a population of less than fifty thousand people is a recognition of the power to establish them in counties having a population exceeding fifty thousand. When there is a specific grant of power conferred by the constitution upon the legislature, upon any certain or particular subject, an act passed in pursuance of such grant will not be held unconstitutional upon the ground that it is local or special legislation. *State ex rel. v. County Court*, 50 Mo. *loc. cit.* 324; *State ex rel. v. Watson*, 71 Mo. 470; *Ewing v. Hobilitzelle*, 85 Mo. 64.

The fact that notice was given of the intended application to the legislature for the passage of a law creating the court in question and of a court similar in all respects in Buchanan county did not change the law and was in all probability done through an abundance of caution, certainly not because it was a necessary prerequisite.

If, as we have said, the act of the legislature creating the criminal court of Greene county was not special or local legislation, and therefore, not in contravention of the constitutional provision inhibiting such legislation, it must necessarily follow that any legislation pertaining to its administrative affairs is not local or

special. The same reasons that we have given why the act creating the court is not local nor special legislation apply with equal force to the act of 1893, creating the office of the clerk of said court and providing for the appointment of such clerk and the election of his successor or successors.

In *State ex rel. v. Shields*, 4 Mo. App. 259, it is held that "a law creating an office and prescribing the duties of the officer whose services are to be rendered in, and form a part of, the administration of the laws of the state, and affect equally all who come within their range, is neither 'local' nor 'special' within the meaning of the constitution." That case involved the constitutionality of an act of the legislature creating the office of reporter of the St. Louis court of appeals, and it was held that the law was valid, and certainly, if the law passed upon in that case can be upheld as not being in conflict with the constitution, there can be no serious question as to the validity of the act of 1893. See, also, *State ex rel. v. Finn*, 8 Mo. App. 341.

The presumption is in favor of the constitutionality of the act and before this court would be justified in holding it invalid because in conflict with the constitution it should be satisfied of its invalidity beyond a reasonable doubt. *Ewing v. Hoblitzelle*, 85 Mo. 64; *Lynch v. Murphy*, 119 Mo. 163; *State v. Addington*, 77 Mo. 110.

In *State v. Railroad*, 48 Mo. 470, the court says: "When courts are called upon to pronounce the invalidity of an act of the legislature, passed with all the forms and ceremonies requisite to give it force, they approach the question with great caution * * * and never declare a statute void unless in their judgment its nullity and invalidity are placed beyond a reasonable doubt. No rule of construction is better established, both upon principle and authority, than

Havens v. Fire Ins. Co.

that acts of the legislature are presumed to be constitutional until the contrary is clearly shown.''

In view of the rule stated in this opinion and of the decisions of this court on the validity of acts similar in principle to the one under consideration, we must hold the act of 1893 to be a valid and constitutional law.

There are a number of questions of minor importance argued by counsel for relator, but as the conclusion reached is decisive of the case, it is not deemed necessary to pass upon them.    The judgment is affirmed.    All concur.