Mary O'REILLY, Robert Nenninger, Marilyn Nenninger, and City of Bridgeton, Plaintiffs–Appellants,

v.

CITY OF HAZELWOOD and St. Louis County Board of Elections, Defendants–Respondents,

St. Louis County Boundary Commission, Intervenor–Defendant–Respondent.

No. 74806.

Supreme Court of Missouri, En Banc.

March 23, 1993.

Motion for Rehearing, Reconsideration or Modification Denied April 20, 1993.

Earl Robert Schultz, William A. Richter, St. Louis, for plaintiffs-appellants.

John A. Ross, County Counselor, Andrew J. Minardi, Louis S. Czeck, Steven W. Garrett, Clayton, for defendants-respondents.

BENTON, Judge.

The Circuit Court upheld the annexation by the City of Hazelwood of two unincorporated areas, known as the "Northwest Territory" and "Burke City." Appellants are the City of Bridgeton, and three individuals, who are taxpayers and residents of the Northwest Territory. They attack the annexation contending: 1) the St. Louis County Boundary Commission Act, *§§ 72.400–72.420 RSMo Supp.1991*, is an unconstitutional "special law"; 2) the Board of Elections improperly consolidated the vote totals in Burke City and the Northwest Territory.

Respondents—Hazelwood and the county boards that supervised the process—contend that the taxpayers cannot attack the annexation due to: 1) res judicata; 2) lack of standing; and 3) mootness. In addition, respondents assert that the election is valid under other, general annexation laws, *§§ 71.015, 71.860 RSMo Supp.1991.*

Because the validity of a state statute is at issue, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3. The judgment below is reversed; the case is remanded for entry of judgment declaring the annexation void and the St. Louis County Boundary Commission Act unconstitutional.

## I.

In 1989, the General Assembly passed, and the Governor signed, House Bill 487. *Laws of Mo.1989*, at 459. In addition to other changes in the "powers of certain political subdivisions," the Bill authorized "any first class county with a charter form of government which adjoins a city not within a county" to establish a "boundary commission" with authority over all proposed boundary changes. *Id.* at 465–66. On October 5, 1989—invoking House Bill 487—the St. Louis County Council adopted Ordinance No. 14628 creating the St. Louis County Boundary Commission.

In May 1990, both Bridgeton and Hazelwood submitted annexation proposals to the Boundary Commission. Part of the Hazelwood proposal overlapped one of the two Bridgeton proposals. All three proposals were denied October 24, 1990.

In December 1990, Hazelwood submitted a proposal to annex the same areas as its first proposal except for the deletion of one area. The Boundary Commission approved this proposal on May 28, 1991, and then certified it to the Board of Election Commissioners for the election on November 5, 1991.

Prior to the election, Bridgeton and Mary O'Reilly sued Hazelwood, the Boundary Commission, and the Board. Plaintiffs dismissed this suit *without* prejudice on October 22, 1991.

At the election, the annexation proposal was approved by voters in the Hazelwood and the Burke City area, but rejected by voters in the Northwest Territory area. When the two unincorporated areas are combined, the annexation proposal passed in both areas by 18 votes. The result was certified on November 15, 1991.

On December 12, 1991, appellants filed the present case.

### II. Procedural Bars

■ Respondents assert a series of procedural bars to the current suit. First, respondents claim that the first suit on this issue constitutes either res judicata or collateral estoppel. This claim is without merit since the plaintiffs dismissed the first suit without prejudice. *Rule 67.03.*

Second, respondents assert that the three individual taxpayers lack standing because they are the "alter ego" of the City of Bridgeton. The only evidence for this proposition was in offers of proof by the respondents. No claim is made that the trial court erred in excluding this potential evidence. Without such evidence, respondents' allegations lack any support, and must be denied.

■ Third, respondents assert that the three individual taxpayers lack standing because they have no legal interest that was or would be adversely affected by this annexation. As taxpayers, appellants merely must show that their taxes went or will go to public funds that have been or will be expended due to the challenged action. *Eastern Missouri Laborers District Council v. St. Louis County*, 781 S.W.2d 43, 46–47 (Mo. banc 1989). They do not have to prove that their taxes will be increased. *Id.* It is clear that county funds were spent on the election in the unincorporated areas, and that—if the annexation proceeds—their taxes in the future will be spent by Hazelwood. Thus, the taxpayers have standing.

■ Fourth, respondents claim that this action has been made moot by the passage of Senate Bill 571 in 1992, which alters the challenged provisions. *See § 72.400 RSMo Supp.1992.* The issue is whether the annexation was legally conducted. It is speculation that the result of a new annexation process will be the same. The situation in this case is analogous to those circumstances where this Court has held that "inadvertent" errors in the legislative process nullify the passage of a bill. *State ex rel. Ashcroft v. Blunt*, 696 S.W.2d 329, 331 (Mo. banc 1985).

Finally, respondents assert similar procedural bars solely against Bridgeton, including a claim that Bridgeton is equitably estopped from challenging this statute because it sought to annex territory under the statute. As the taxpayers are legally authorized to challenge the annexation, this

Court need not address the status of Bridgeton before reaching the merits.

### III. The Constitutionality of § 72.400 RSMo Supp.1991

The version of § 72.400 challenged in this case authorizes the creation of a boundary commission only by "any first class county with a charter form of government which adjoins a city not within a county." All concede that § 72.400 RSMo Supp.1991 can apply only to St. Louis County, and no other county in Missouri.

In *School District of Riverview Gardens v. St. Louis County*, 816 S.W.2d 219, 223–24 (Mo. banc 1991), this Court examined a statute creating special rules for "first class charter counties adjoining any city not within a county or any city not within a county." The only substantive difference between the current statute and the *Riverview Gardens* statute is that the *Riverview Gardens* statute also applied to the City of St. Louis, not just St. Louis County.

■ *Riverview Gardens* recognizes two categories of legislation classifying political subdivisions—"open-ended" and "not open-ended." 816 S.W.2d at 222. Open-ended legislation classifies based on population or assessed valuation. *Id.* Such legislation is "general" under article III, § 40 of the Missouri Constitution, and needs only a rational relation to a legitimate legislative purpose. *Riverview Gardens*, 816 S.W.2d at 222.

■ Legislation that is not open-ended typically singles out one or a few political subdivisions by permanent characteristics. Such legislation is "special" and subject to a series of restrictions. Of these restrictions, the most important for this case is the prohibition of article III, § 40(30) that no special law may take effect "where a general law can be made applicable."

■ Under the 1945 Constitution, article III, § 40(30) requires the judiciary to determine whether a general law could have been made applicable "without regard to

any legislative assertion on that subject."[1] Thus, if a law is not open-ended, instead of presuming that it is constitutional, the presumption is that it is unconstitutional. "In this circumstance, the statute is special on its face and the law may presume its invalidity." *State ex rel. Public Defender Commission v. County Court of Greene County*, 667 S.W.2d 409, 413 (Mo. banc 1984).

■ The respondents introduced evidence that St. Louis County reasonably needed a boundary commission to administer municipal annexations. The respondents also elicited testimony that St. Louis County differs greatly from other counties, in terms of annexation issues. The respondents demonstrated that the law bears a rational relation to the included subdivision.

Because the St. Louis County Boundary Commission Act is not open-ended, the respondents must do more: they must demonstrate a substantial justification to exclude other counties. To the contrary, the evidence showed that suburban development did not stop at the St. Louis County border, but rather extended, at an increasing rate, to St. Charles County and Jefferson County. In addition, respondents did not demonstrate a substantial justification for excluding other counties from choosing to have a boundary commission. Thus, there was no substantial justification for § 72.400 RSMo Supp.1991 not being open-ended.

Therefore, § 72.400 RSMo Supp.1991, was unconstitutional. Likewise, County Ordinance No. 14628 and the acts of the Boundary Commission in approving the annexation are void.

### IV. The Validity of the Annexation

■ The City of Hazelwood suggested in oral argument that, if this Court found § 72.400 RSMo Supp.1991 unconstitutional, the annexation was still valid under § 71.015 RSMo Supp.1991 or §§ 71.860–

---

**1.** This language originates in article IV, § 53(32) of the 1875 Constitution, which modified article IV, § 27 of the 1865 Constitution, which merely

stated: "The general assembly shall pass no special law ... where a general law can be made applicable."

*71.920 RSMo 1986 & Supp.1991.* These sections require a valid election—and a declaratory judgment action—on the annexation issue. In the present case, only the Boundary Commission certified the ballot proposition to the Board of Election Commissioners. As the acts of the Boundary Commission are void, the Board of Election Commissioners was without authority to place this issue on the ballot; and the election is void. *Cf. Russell v. Callaway County,* 575 S.W.2d 193, 199 (Mo. banc 1978). The City of Hazelwood is without authority to annex the Northwest Territory and Burke City, which remain unincorporated areas of St. Louis County.[2]

### V.

The decision of the circuit court is reversed; and the case is remanded with orders to enter judgment declaring the annexation void and the St. Louis County Boundary Commission Act unconstitutional.

All concur.

---

**2.** Because the annexation election was unauthorized, there is no need to address whether "non-contiguous" areas can legally be treated as one "voting jurisdiction" in annexation elections.