**STATE ex rel. CITY OF BLUE SPRINGS, Relator–Appellant,**

v.

**Richard RICE, Director, Department of Public Safety of the State of Missouri, Respondent–Respondent.**

No. 75258.

Supreme Court of Missouri, En Banc.

May 25, 1993.

Robert K. McDonald, Blue Springs, for relator-appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent-respondent.

BENTON, Judge.

The City of Blue Springs appeals the denial of its petition for mandamus. Because the validity of a Missouri statute is involved, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3. The judgment is affirmed.

### I.

Since 1978, Missouri has had minimum training requirements for peace officers. *§ 590.105 RSMo 1978.*[1] In 1990, the General Assembly passed the Senate Substitute for House Bill 948, relating to peace officers. *Laws of Mo.1990*, at 475. One provision of this Act altered the training requirements for officers employed prior to August 15, 1988, by "any city of the fourth class having a population in the 1980 decennial census of more than twenty-five thousand but less than twenty-six thousand which is located in a county of the first class having a charter form of government and containing the larger portion of a city with a population of more than three hundred thousand." *Id.* at 477 (codified at *§ 590.115.2*). The parties stipulate that this language applies to Blue Springs and only Blue Springs. Prior to this amendment, only full-time officers hired before December 31, 1978—by any law enforcement agency—were covered by that particular subsection. *§ 590.115.2 RSMo Supp. 1989.*

At all relevant times, nine of Blue Springs's police officers have been employed since before August 15, 1988. None of these officers have completed the normal 600–hour training requirement for officers in Jackson County. Blue Springs re-

---

1. All statutory citations are to RSMo Supp.1992,    unless otherwise specified.

quested that the Director of the Department of Public Safety certify that these nine officers had met the applicable training requirements.

After the Director refused this request, Blue Springs filed for a writ of mandamus ordering the Director to certify these officers. The circuit court denied the writ on the basis that the Director does not have a duty to certify these officers, and that the provision exempting them from the normal training requirements is an unconstitutional special law. Blue Springs challenges both conclusions of law.

## II.  Duty to Certify

A court should refrain from deciding constitutional issues if a case can be resolved without reaching those issues. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 (Mo. banc 1982). Therefore, this Court first examines whether the statutes at issue—assuming their constitutionality—create a right enforceable by mandamus.

■■■ A writ of mandamus is only appropriate when the respondent has a clear duty to perform a certain act. *State ex rel. Kiely v. Schmidli*, 583 S.W.2d 236, 237 (Mo.App.1979); *see also State ex rel. City of Cabool v. Texas County Board of Equalization*, 850 S.W.2d 102, 105 (Mo. banc 1993). Mandamus may not be used to establish new rights, but instead may be used only to enforce an existing right. *State ex rel. Brentwood School District v. State Tax Commission*, 589 S.W.2d 613, 614 (Mo. banc 1979).

■■ Blue Springs contends that the Director must certify these officers by the mandate of *§ 590.115.6*:

Peace officers meeting the requirements in subsection 1, 2, 3, 4, or 5 of this section shall be certified by the director as having completed the training requirements under sections 590.100 to 590.180.

The parties dispute the meaning of two parts of this subsection: 1) "the requirements in subsection 1, 2, 3, 4, or 5"; and 2) "shall be certified ... as having completed the training requirements."

*Section 590.115* provides alternative ways to meet the training requirements. At issue is what method subsection 2 specifies. Blue Springs argues that subsection 2 provides that certain peace officers (including its nine) automatically meet these requirements by "grandparenting." The Director counters that grandparented officers need not be certified and are "exempt" from certification. According to the Director, "the requirements in subsection ... 2" are an option for those grandparented officers to be certified (if they so desire) after completing the same training as is required for other officers.

The Director's argument is contrary to the clear intent of the statutes. *Chapter 590* requires that all permanently-employed, full-time, non-elected peace officers employed by the state, counties, or municipalities be certified as a condition of their employment. *§ 590.110*.

The meaning of "certified" in *§ 590.115.6* is clear. The Director certifies that an individual has met the minimal requirements for a peace officer in that officer's jurisdiction. From the stipulation—assuming the validity of *§ 590.115.2*—these nine officers have met the minimal training requirements for their jurisdiction.

The Director attempts to argue that "shall" should be interpreted to grant discretion rather than to impose a mandatory duty. Generally, the word "shall" connotes a mandatory duty. *State ex rel. Scott v. Kirkpatrick*, 484 S.W.2d 161, 164 (Mo. banc 1972); *Black's Law Dictionary* 1375 (6th ed. 1990). In the context of *Chapter 590*, the use of the word "shall" in *§ 590.115.6* imposes a mandatory duty on the Director to certify the Blue Springs officers covered by *§ 590.115.2*—assuming it is constitutional.

## III.  Validity of the Blue Springs Grandparent Clause

This Court must resolve whether the particular clause of *§ 590.115.2* governing Blue Springs is an unconstitutional special law.

■■ The determination whether a statute is a special law rests on whether it is

"open-ended." *O'Reilly v. City of Hazelwood,* 850 S.W.2d 96, 99 (Mo. banc 1993); *School District of Riverview Gardens v. St. Louis County,* 816 S.W.2d 219, 222 (Mo. banc 1991). Classifications based on population may be open-ended. *O'Reilly,* slip op. at 5, 850 S.W.2d at 99; *Riverview Gardens,* 816 S.W.2d at 222. Such classifications are open-ended when it is possible that a political subdivision's status under the classification could change.

 The clause covering Blue Springs differs from other population-based laws because it relies on population at a specific time before the enactment of the clause. The 1980 census is an unchanging historical fact—making it completely impossible that the status of a political subdivision under this classification could change. Therefore, it is an immutable characteristic similar to geography or constitutional status. *Cf. Riverview Gardens,* 816 S.W.2d at 222.

▇ As a special law, the clause in question is unconstitutional if a general law could be made applicable. Mo. Const. art. III, § 40(30). Unconstitutionality of a special law is presumed. *State ex rel Public Defender Commission v. County Court of Greene County,* 667 S.W.2d 409, 413 (Mo. banc 1984). The party defending the statute must demonstrate "a substantial justification" for the exclusion of other political subdivisions. *O'Reilly,* 850 S.W.2d at 99. Blue Springs has proved no reasons for a peace-officer-training clause that covers only the City of Blue Springs. Thus, it failed to carry its burden of proof, and the clause is unconstitutional.[2]

### IV.

While *§ 590.115.6* requires the Director to certify all peace officers who meet the applicable training requirements, any claim that the nine peace officers met the minimal training requirement is based on the clause of *§ 590.115.2* that applies only to Blue Springs. Because this clause is unconstitutional, these officers have not met the training requirement. Thus, the Director does not have a duty to certify these officers.

Therefore, the judgment of the circuit court is affirmed.

All concur.

---

**2.** Under *§ 1.140 RSMo 1986,* the provisions of a statute are usually severable. It is clear that the Blue Springs clause is severable; the other clauses of *§ 590.115.2* are not affected by this decision.