**Bruce DISHON, Plaintiff–Respondent,**

v.

**Richard C. RICE and Peace Officer Standards and Training Commission, Defendants–Appellants.**

No. 64694.

Missouri Court of Appeals, Eastern District, Division One.

March 1, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for defendants-appellants.

Rick Barry, Eugene Oliver Howard, St. Louis, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendants, Richard C. Rice, the Director of the Missouri Department of Public Safety (Director), and the Peace Officers Standards and Training Commission, appeal from the judgment of the trial court in a declaratory judgment action in favor of plaintiff, Bruce Dishon. We affirm.

The case was submitted to the trial court on a set of stipulated facts and exhibits. The record establishes that in February 1974, plaintiff completed a 640 hour course of basic police instruction and graduated from the Greater St. Louis Police Academy. Plaintiff served as a full-time officer for Bellefontaine Neighbors, Missouri, from November 1973 through September 1982. He then served as a part-time officer for the City of Lakeshire, Missouri (Lakeshire), from July 1986 through December 1988. In November 1989, he was appointed a full-time officer for Lakeshire.

Defendants informed Lakeshire's chief of police that plaintiff was not certified in conformity with § 590.115.6, RSMo (Cum.Supp. 1992) and would have to retake the qualifying examination on the basis of regulation 11 CSR 73–3.050(1)(C). In compliance with § 590.115.4, RSMo (Cum.Supp.1992), Lakeshire furnished defendants with an affidavit and supporting documentation that plaintiff had satisfactorily completed a course of training at the Greater St. Louis Police Academy, which was a "certified training academy" as defined by § 590.100(1), RSMo (Cum.Supp.1992). Director still refused to certify plaintiff. Plaintiff then took a comprehensive test at a certified law enforcement training academy. He passed the written portion of the test the second time he took it, but failed the physical agility portion of the exam when he was able to do only 22 of 25 sit-ups on the first try and only three total sit-ups on the second. Director informed Lakeshire that plaintiff must be dismissed; and in December 1991, Lakeshire dismissed him.

Plaintiff brought a declaratory judgment action, seeking a declaration that 11 CSR 73–3.050(1)(C) was invalid. After a hearing, the trial court found that "the power set out in 11 CSR 75–3.050(1)(c) is power not granted to Defendants by the Legislature." The court ordered defendants to certify plaintiff.

Defendants' sole point on appeal is that the trial court erred in declaring that they exceeded their statutory authority in requiring plaintiff to pass a comprehensive test before certifying him as a peace officer. They argue that, although Chapter 590 did

not expressly authorize them to require an officer to provide evidence of competency by taking a test, 11 CSR 75–3.050(1)(C) is consistent with their statutory mandate and is necessary to fulfill their statutory duty to regulate peace officers.

Missouri has had minimum training requirements for peace officers since 1978. *State ex rel. City of Blue Springs v. Rice*, 853 S.W.2d 918, 919 (Mo. banc, 1993); *see also* § 590.105, RSMo (1978). Chapter 590 requires that all permanently-employed, full-time, non-elected peace officers employed by the state, counties, or municipalities be certified as a condition of their employment. § 590.110, RSMo (Cum.Supp.1992). Section 590.115.4 provides as follows:

[I]n the event that a peace officer claims to have had prior training and experience, the chief executive officer shall furnish to the director evidence that the noncertified officer has satisfactorily completed instruction in a course of training for peace officers conducted by a law enforcement training academy ... which is approved by the director....

Section 590.115.6 [1] requires that "[p]eace officers meeting the requirements in subsections 1, 2, 3, 4 or 5 of this section shall be certified by the director as having completed the training requirements...." Under regulation 11 CSR 75–3.050(1)(C), Director may require as a condition of certification the completion of supplementary training and also the passing of an approved examination.

■ An administrative agency has no more authority than that granted to it by statute. *Brooks v. Pool–Leffler*, 636 S.W.2d 113, 119 (Mo.App.1982). Although the court's goal is to effectuate the statutory purpose intended by the legislature, it is for the legislature to establish the means to achieve the statutory purpose. *Id.* An administrative agency cannot infer a power from the statute simply because that power would facilitate the accomplishment of an end deemed beneficial. *Id.*

In the instant action, in 1974, plaintiff successfully completed and graduated from a 640 hour course of basic instruction in police techniques offered by the Greater St. Louis Police Academy. At the time plaintiff graduated from the police academy, certification of law enforcement officers was not a statutory requirement. In 1978, certification requirements were enacted. *See* § 590.105, RSMo (1978). The Greater St. Louis Police Academy was approved by Director as a certified training academy. Chapter 590 did not differentiate between the training peace officers received prior to 1978 and that peace officers received after 1978. Chapter 590 did not require the retraining of every peace officer who successfully completed training prior to 1978. Because plaintiff successfully completed his training in 1974, in compliance with § 590.115.4, Lakeshire's chief of police furnished Director with evidence that plaintiff had fulfilled the training requirement.

■ Under the plain language of § 590.-115.6, once the requirements of subsection 4 were fulfilled, the word "shall" in the statute imposed a mandatory duty upon Director to certify plaintiff. *See City of Blue Springs*, 853 S.W.2d at 920. Chapter 590 did not grant discretion to Director regarding certification. *See Id.* Chapter 590 did not refer to a refresher course or to an examination as a condition of certification; and such prerequisites to certification do not necessarily follow from the language of the statute. We therefore defer to the legislative determination regarding the requirements for certification of peace officers.

The trial court did not err in finding that defendants exceeded their statutory authority in requiring plaintiff to take a test as a condition of certification. Defendants' point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. This statute was amended, effective August 28, 1993, and subsection 6 was changed to read that peace officers meeting the basic requirements "shall be eligible to be certified by the director." *See* § 590.115.5, RSMo (Cum.Supp.1993). Judgment in the present action was entered on August 9, 1993, before the new statute became effective and is therefore governed by § 590.-115.6, RSMo (Cum.Supp.1992).