Eugene ZIMMERMAN, Appellant,

v.

STATE TAX COMMISSION OF MISSOURI, et al., Respondents.

No. 78393.

Supreme Court of Missouri, En Banc.

Feb. 20, 1996.

Stephanie Karr Gastman, St. Charles, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondents.

PER CURIAM.

Eugene Zimmerman, the assessor for St. Charles County, seeks a declaration that the third sentence in 138.060.1 RSMo Supp.1993 is unconstitutional. *1993 Mo.Laws 512–13.*

The circuit court, by summary judgment, upheld the validity of the statute, giving this Court jurisdiction of the appeal. *Mo. Const. Art. V, § 3.* Affirmed.

Assessor Zimmerman defends appeals by property owners before the Respondent State Tax Commission. *See § 138.430.1.* The Commission enforces the third sentence of § 138.060.1:

> At any hearing before the state tax commission or a court of competent jurisdiction of an appeal of assessment from a first class charter county or a city not within a county, the assessor shall not advocate nor present evidence advocating a valuation higher than that value finally determined by the assessor or the value determined by the board of equalization, whichever is higher, for that assessment period.

The assessor claims that § 138.060.1 is unconstitutional because it is a special law "changing the rules of evidence in any judicial proceeding or inquiry before ... other tribunals." *Mo. Const.Art. III, § 40(4).* The assessor further claims that § 138.060.1 is an unconstitutional special law because "a general law can be made applicable." *Mo. Const.Art. III, § 40(30).*

 The Attorney General (who intervened) responds that § 138.060.1 is not a special law because it does not single out political subdivisions by permanent characteristics. *See O'Reilly v. City of Hazelwood,* 850 S.W.2d 96, 99 (Mo. banc 1993). The assessor concedes that, as to first class charter counties, § 138.060.1 is "open-ended" in that other counties may join the class upon becoming first class counties and adopting a home rule charter. An open-ended law is not a special law. *See State ex rel. Blue Springs v. Rice,* 853 S.W.2d 918, 920–21 (Mo. banc 1993); *School District of Riverview Gardens v. St. Louis County,* 816 S.W.2d 219, 222 (Mo. banc 1991). As to first class charter counties, § 138.060.1 is not a special law.

 Section 138.060.1 also applies to "a city not within an county," that is, St. Louis City. "St. Louis [City] is given specific recognition in Art. VI, § 31, of the Constitution of Missouri as being *sui generis,* a unique entity in a unique class. Legislation enacted to address the class of which St. Louis [City] is the only member is therefore not special legislation within the meaning of Art. III, § 40." *Boyd–Richardson Co. v. Leachman,* 615 S.W.2d 46, 52–53 (Mo. banc 1981). Adding St. Louis City to an otherwise open-ended law does not render § 138.060.1 a special law.

 Section 138.060.1 is therefore a general law "and needs only a rational relation to a legitimate legislative purpose." *O'Reilly,* 850 S.W.2d at 99; *Riverview Gardens,* 816 S.W.2d at 222; *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 832 (Mo. banc 1991). The Attorney General offers such a purpose by noting that charter counties and St. Louis City may appoint the assessor, while other counties must elect the assessor. *Compare Mo. Const.Art. VI, § 18(b) with § 53.010.* The General Assembly could rationally relate the method of choosing the assessor *to* the valuation advocated or the evidence presented in tax appeals, and draft § 138.060.1 accordingly.

Section 138.060.1 is not a special law within the prohibitions of Article III, section 40(4) and (30) of the Missouri Constitution. The judgment of the circuit court is affirmed.

All concur.