Judy TILLIS, et al., Appellants,

and

Sharon Klein, et al., Intervenors–Appellants,

v.

CITY OF BRANSON, Missouri, Respondent.

No. 79640.

Supreme Court of Missouri, En Banc.

May 27, 1997.

Rehearing Denied June 17, 1997.

Bradley J. Baumgart, Richard M. Paul, III, Kansas City, for Appellants.

Nolen W. Berry, Branson, for Intervenors–Appellants.

Joseph A. Bohrer, Springfield, for Respondent.

WHITE, Judge.

In 1993, the general assembly established the "Municipal Tourism Tax."[1] This tax could be imposed by "any municipality of the fourth classification with a population of more than three thousand inhabitants but less than five thousand inhabitants and with more than five thousand hotel and motel rooms inside the municipal limits and which is located in a county that borders the state of Arkansas...." This description applies only to the city of Branson. Taxpayers subject to the tax challenged the validity of the enabling legislation in a declaratory judgment action and in an action seeking to prevent issuance of bonds backed by its revenues. The cases were consolidated. Upholding the constitutional validity of the legislation, the trial court granted the city's motion for partial summary judgment in the declaratory judgment action and, following a short trial, entered judgment authorizing issuance of the bonds. Because we find that the tourism tax is an unconstitutional special law, we reverse and remand.

■ As a preliminary matter, the city moves to dismiss the appeal on the ground that the notice of appeal was not timely filed. Even if the city were correct that the notice of appeal was untimely, we would be within our discretion to treat the suggestions in opposition to dismissing the appeal as a motion to permit late filing of the notice of appeal under Rule 81.07(a).[2] Today's decision is less than six months after any date the city asserts judgment was final. Accordingly, we will treat the notice of appeal as having been timely filed and decide the appeal on the merits.

■ The constitutional prohibition against unnecessary special legislation is explicit: "The general assembly shall not pass any local or special law: ... where a general law can be made applicable...."[3] This Court's methodology in deciding whether legislative enactments comport with this clause is equally straightforward: "The unconstitutionality of a special law is presumed. The party defending the facially special statute must demonstrate a 'substantial justification'

---

1. Sections 94.800–94.825, RSMo 1994.

2. *Cf. Brown v. Hamid,* 856 S.W.2d 51, 53 (Mo. banc 1993).

3. Mo. Const. Art. III, sec. 40(30).

for the special treatment."[4] Whether a statute is, prima facie, a special law depends on whether the classification it makes is "open-ended."[5] Classifications based upon factors subject to change (like population) may be open-ended and do not implicate the constitutional prohibition. "Classifications based upon historical facts, geography, or constitutional status focus on immutable characteristics and are therefore facially special laws."[6]

█ The city does not claim that the limited application of the statute to counties bordering Arkansas is not a geographical classification, nor has it offered any substantial justification for such a requirement. Instead, the city argues that, since the classification is not so narrowly drawn as to permanently exclude all other cities, it is not facially special.[7] This argument misapprehends the standard. The focus is not on the size of the class comprehended by the legislation. Rather the issue is the nature of the factors used in arriving at that class. Even very narrow classifications are permissible as long as they are based upon open-ended factors.[8] Conversely, the fact that a closed-ended classification does not logically exclude all but one entity does not make it less immutable. The requirement that a city be in a county bordering Arkansas in order to qualify for the tourism tax makes this a closed-ended classification. Thus, the statute is a facially special law, and its unconstitutionality is presumed. Since the city has not met its burden of demonstrat-

ing substantial justification for the geographical classification, that presumption has not been overcome.[9]

Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions to declare the tourism tax unconstitutional and for further proceedings consistent with this opinion.

All concur.

---

4. *Harris v. Missouri Gaming Comm'n,* 869 S.W.2d 58, 65 (Mo. banc 1994) (citations omitted).

5. *Id.; State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920–21 (Mo. banc 1993); *O'Reilly v. City of Hazelwood,* 850 S.W.2d 96, 99 (Mo. banc 1993).

6. *Harris,* 869 S.W.2d at 65. *See also City of Blue Springs,* 853 S.W.2d at 921 (population at a fixed, past point in time not an open-ended criterion); *Riverview Gardens School Dist. v. St. Louis County,* 816 S.W.2d 219, 222 (Mo. banc 1991) (constitutional status not a sufficiently open-ended factor).

7. Branson presented evidence, for instance, that the city of Hayti would qualify for the tax if it had the requisite number of hotel rooms.

8. *See Walters v. City of St. Louis,* 364 Mo. 56, 259 S.W.2d 377, 380–81 (1953) (upholding law limit-

ed to cities with populations exceeding 700,000, despite stipulation that it was a "practical certainty" that no city besides St. Louis would meet that standard during the effective period of the law); *State ex rel. Fire Dist. of Lemay v. Smith,* 353 Mo. 807, 184 S.W.2d 593, 595 (1945) (upholding a law limited to counties with populations between 200,000 and 400,00—only St. Louis County qualifying); *State ex rel. Lionberger v. Tolle,* 71 Mo. 645, 650 (1880) (whether law is general or special "does not depend upon numbers.").

9. The case was submitted on cross motions for summary judgment. The city represented that its motion for summary judgment was also a response to plaintiffs' summary judgment motion. The city's summary judgment motion does not allege that there is substantial justification for this classification.