Joseph TREADWAY, Appellant,

v.

STATE of Missouri, et al., Respondents.

No. 80935.

Supreme Court of Missouri,
En Banc.

April 13, 1999.

Rehearing Denied May 11, 1999.

Robert L. DeVoto, Howard Paperner, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul R. Maguffee, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

When air pollution in the St. Louis region exceeded federal clean air act standards, Missouri was required to establish a program to bring the region into compliance with the federal standards or to face sanctions, which might include loss of federal highway construction funds. To meet the federal requirements the general assembly enacted section 307.366 and sections 643.305 *et seq.*[1] to set up vehicle emission testing programs in the St. Louis region. Joseph Treadway challenges these sections, asserting that they violate the constitutional restriction on local or special legislation, art. III, section 40(30) of the Missouri Constitution, and the constitutional provision related to classification of counties in art. VI, section 8. The circuit court granted summary judgment in favor of the state and against Treadway. Because of the constitutional question, we have jurisdiction under art. V, section 3. We affirm.

## Facts

The clean air act and its accompanying regulations establish standards for ozone pollution and require that those areas failing to meet those standards be designated as "nonattainment" areas. 42 U.S.C. sections 7407, 7409, 7511 (1994); C.F.R. part 50 (1997). The classification of the ozone nonattainment areas is based on the amount by which they exceed the standard: marginal, moderate, serious, severe, or extreme. 42 U.S.C. sections 7407, 7511 (1994). The St. Louis area, consisting of three counties in Illinois and Franklin, Jefferson, St. Charles, and St. Louis counties and the City of St. Louis in Missouri, is designated as a moderate ozone nonattainment area.

Federal law mandates that each state implement a basic vehicle inspection and maintenance program in any moderate ozone nonattainment area. 42 U.S.C. section 7511a(b)(4). Each state must establish a "rate of progress plan" to reduce emissions of certain pollutants in a moderate nonattainment area. 42 U.S.C. section 751 a(b)(1)(A). Additionally, each state must establish an enhanced vehicle inspection and maintenance program in order to obtain credit for reductions resulting from a vehicle inspection and maintenance program. 42 U.S.C. section 7511a(b)(1)(D)(iv). At the time this program was enacted, the St. Louis region was the only part of the state that needed to have an enhanced vehicle inspection program in order to have its progress recognized.

Section 307.366 provides the authority for Missouri to establish a basic vehicle inspection and maintenance program, while section 643.305 *et seq.* provides the authority for the air conservation commission to establish an enhanced vehicle inspection and maintenance program. Section 307.366.1 provides:

This enactment of the emissions inspection program is a mandate of the United States Congress pursuant to the federal Clean Air Act, as amended, 42 U.S.C. 7401, et seq. In any city not within a

---

1. All citations to section 307.366 are to RSMo Supp.1997. All citations to sections 643.300 *et seq.* are to RSMo 1994. All other statutory citations are to RSMo 1994, unless otherwise indicated.

county, any county of the first classification having a population of over nine hundred thousand inhabitants according to the most recent decennial census, any county of the first classification with a charter form of government and a population of not more than two hundred and twenty thousand inhabitants and not less than two hundred thousand inhabitants according to the most recent decennial census, any county of the first classification without a charter form of government with a population of not more than one hundred eighty thousand inhabitants and not less than one hundred seventy thousand inhabitants according to the most recent decennial census and any county of the first classification without a charter form of government with a population of not more than eighty-two thousand inhabitants and not less than eighty thousand inhabitants according to the most recent decennial census, as a part of the motor vehicle inspection procedure required by sections 307.350 to 307.390, certain motor vehicles shall be tested to determine that the emissions system is functioning within the emission standards as specified by the Missouri air conservation commission and as required to attain the national health standards for air quality.

Section 643.305.1 provides:

The air conservation commission shall adopt a state implementation plan to bring all nonattainment areas of the state which are located within a city not within a county, any county of the first classification having a population of over nine hundred thousand inhabitants, any county of the first classification with a charter form of government and a population of not more than two hundred twenty thousand inhabitants and not less than two hundred thousand inhabitants, any county of the first classification without a charter form of government with a population of not more than one hundred eighty thousand inhabitants and not less than one hundred seventy thousand inhabitants and any county of the first classification without a charter form of government with a population of not more than eighty-two thousand inhabitants and not less than eighty thousand

inhabitants, into compliance with and to maintain the National Ambient Air Quality Standards and any regulations promulgated by the United States Environmental Protection Agency under the federal Clean Air Act, as amended, 42 U.S.C. 7401, et seq., on the required date or dates as such dates are established under the federal Clean Air Act, as amended, 42 U.S.C. 7401, et seq., including any extensions authorized pursuant to that act.

Treadway challenges the validity of these two statutes, specifically contending that these statutes violate Missouri Constitution, article III, section 40(30), dealing with prohibitions against passage of a local or special law where a general law could be applicable, and article VI, section 8, dealing with classification of counties.

### Missouri's Vehicle Emissions Testing Statutes are General Laws

Article III, section 40(30) of the Missouri Constitution provides that "[t]he general assembly shall not pass any local or special law ... where a general law can be made applicable." Whether a general law could have been made applicable is a judicial question to be judicially determined. *Id.* The issue of whether a statute is, on its face, a special law or local law depends on the whether the classification is open-ended. *Tillis v. City of Branson,* 945 S.W.2d 447, 449 (Mo. banc 1997). Classifications based upon factors, such as population, that are subject to change may be considered open-ended. *Id.* Classifications based on historical facts, geography, or constitutional status on a particular date focus on immutable characteristics and are, therefore, considered local or special laws. *Id.*

Sections 307.366 and 643.305 are general laws because they employ open-ended criteria. The statutes identify the counties by factors that change such as by reference to county classification, population, charter status and nonattainment criteria. These variables are not immutable characteristics. The statutes employ factors that would not exclude a county from satisfying the statutes' criteria should such a county in the future

fall into one of the listed factors due to changes in county classification, population, charter status and nonattainment criteria.

Treadway asserts that the statutory scheme is invalid simply because it excludes all but the metropolitan area of St. Louis from the enhanced inspection program. Treadway's argument is not persuasive in view of this Court's precedents. *See Zimmerman v. State Tax Com'n of Missouri,* 916 S.W.2d 208, 209 (Mo. banc 1996); *State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920–921 (Mo. banc 1993); *School District of Riverview Gardens, et al., v. St. Louis County,* 816 S.W.2d 219, 222 (Mo. banc 1991); *Manchester Fire Protection District v. St. Louis County Board of Election Commissioners,* 555 S.W.2d 297, 298 (Mo. banc 1977); *Bopp v. Spainhower,* 519 S.W.2d 281, 283–286 (Mo. banc 1975); *Walters v. City of St. Louis,* 364 Mo. 56, 259 S.W.2d 377, 382–383 (1953); and *State ex rel. Lionberger v. Tolle,* 71 Mo. 645, 650 (1880). In *School District of Riverview Gardens, et al., v. St. Louis County,* 816 S.W.2d 219, 222 (Mo. banc 1991), this Court noted that "statutes establishing classifications based on population are general laws, even when it appears with reasonable certainty that no other political subdivision will come within that population classification during the effective life of the law." The fact that currently the statute applies only to the St. Louis metropolitan region does not necessarily make the act a special law because the act can apply to other counties that attain the same statutory criteria in the future. *See Zimmerman, supra,* 916 S.W.2d at 209; *School District of Riverview Gardens, et al., supra,* 816 S.W.2d at 221–222; *Fire District of Lemay v. Smith,* 353 Mo. 807, 184 S.W.2d 593, 595 (1945).[2] *See also,* section 1.100.2, RSMo 1994.

■■■ Furthermore, "[o]nly where the statutory classification is arbitrary and without a rational relationship to a legislative purpose has this Court found a law founded on open-ended criteria unconstitutional." *School District of Riverview Gardens, et al.,*

*supra,* 816 S.W.2d at 222. Under the rational basis test, the legislature is afforded broad discretion in attacking societal problems, and the challenger bears the burden to show that the law is wholly irrational. *See Fust v. Attorney General for the State of Missouri,* 947 S.W.2d 424, 432 (Mo. banc 1997). Treadway has not carried his burden to prove that the statutes are arbitrary and without a rational relationship to a legislative purpose. Thus, sections 307.366 and 643.305 are general laws because they are open-ended and are rationally related to legitimate purposes.

### Sections 307.366 and 643.305 Were Not Promulgated as Special or Local Laws

■■■ The state contends that even if the statutes are considered special or local laws, the statutes are valid because they comply with article III, section 40(30) of the Missouri Constitution. Treadway contends that the statutes as drafted are "special or local" and the legislation is therefore presumed unconstitutional. Article III, section 40(30) prohibits the passage of any local or special law "where a general law can be made applicable." Unconstitutionality of a special law is presumed, *State ex rel. City of Blue Springs v. Rice, supra,* 853 S.W.2d at 921, and there must be "substantial justification" for excluding other political subdivisions. *Id.* Two inquiries are appropriate: "First, is the law a special or local law? Second, if so, is the vice that is sought to be corrected "so unique to the persons, places, or things classified by the law that a law of general applicability could not achieve the same result?" *School District of Riverview Gardens, et al., supra,* 816 S.W.2d at 221.

The general assembly arguably could have promulgated the statutes as local or special laws that apply only to the St. Louis metropolitan region because they address a particular regional problem. The St. Louis metropolitan area was the only region in Missouri that was designated an ozone nonattainment area. Federal law does not require Missouri

---

**2.** "St. Louis [City] is given specific recognition in Art. VI, section 31, of the Constitution of Missouri as being *sui generis,* a unique entity in a unique class. Legislation enacted to address the

class of which St. Louis [City] is the only member is therefore not special legislation within the meaning of Art. III, section 40." *Zimmerman, supra,* 916 S.W.2d at 209.

to implement a statewide emission program to address the ozone nonattainment areas that are confined to one region of the state. Nor, common sense should tell us, should the state be in the position to enact vehicle emissions testing programs in areas of the state where such programs are unneeded. If it were not for the problem that exists in the St. Louis metropolitan region, the State of Missouri would be in compliance with the federal law dealing with ozone pollution. Thus, the general assembly perhaps could have enacted the statutes as local or special laws.

■ However, sections 307.366 and 643.305 are not promulgated as special or local laws because the general assembly did not follow the constitutional provision requiring publication of notice in affected localities. Article III, section 42 of the Missouri Constitution provides:

> No local or special law shall be passed unless a notice, setting forth the intention to apply therefor and the substance of the contemplated law, shall have been published in the locality where the matter or thing to be affected is situated at least thirty days prior to the introduction of the bill into the general assembly and in the manner provided by law. Proof of publication shall be filed with the general assembly before the act shall be passed and the notice shall be recited in the act.

Publication of the notice does not make the law local or special. *State ex rel. Donham v. Yancy,* 123 Mo. 391, 27 S.W. 380, 381 (1894). The record does not support any publication, neither was the notice recited in the acts. Thus, the statutes were not promulgated as special or local laws. The mere fact that the general assembly perhaps could have enacted these provisions as local laws does not perforce make them local laws where, as here, the general assembly chooses to deal with the subject in a general law. The constitutional prohibition is against a local or special law where a general law could be made applicable. The general assembly's decision to enact a general law comports with the constitutional scheme.

## Article VI, Section 8 of the Missouri Constitution Does Not Apply

■ Treadway in his brief argues that sections 307.366 and 643.305 violate article VI, section 8 of the Missouri Constitution. However, in oral argument, on the basis of *Berry v. State,* 908 S.W.2d 682 (Mo. banc 1995), Treadway appears to have conceded that article VI, section 8 does not apply.

Historically, article VI, section 8 is new to the Constitution of 1945. In *Chaffin v. Christian County,* 359 S.W.2d 730, 734 (Mo. banc 1962), this Court noted that prior to the adoption of the 1945 Constitution, "there was no constitutional provision with respect to classification of counties or limitation upon the number of classes which the legislature might create." The Court further noted that "as a result, numerous classifications were made for different purposes." *Id.* The Court succinctly stated that "the purpose of the constitutional provision was to simplify and make more effective the organization and operation of the counties." *Id.* Prior to April 1995, article VI, section 8 required that a law applicable to any county must apply to all counties of the same class. *See, State ex rel. City of Ellisville v. St. Louis County Board of Election Commissioners,* 877 S.W.2d 620 (Mo. banc 1994). As amended in April 1995, article VI, section 8 provides:

> Provision shall be made by general laws for the organization and classification of counties except as provided in section 18(a) or section 18(m) of this article or otherwise in this constitution. The number of classes shall not exceed four, and the organization and powers of each class shall be defined by general laws so that all counties within the same class shall possess the same powers and be subject to the same restrictions....

As *Berry v. State supra,* 908 S.W.2d at 684, teaches, the constitutional amendment *overruled State ex rel. City of Ellisville v. St. Louis County Board of Election Commissioners, supra.* The purpose and intent stated in *Chaffin* survive.

Missouri vehicle emission statutes do not affect the organization, classification, and powers of counties. Nothing in those statutes deals with the organization and powers

of counties. The statutes do not attempt to create an additional class of counties. Thus, article VI, section 8 of the Missouri Constitution does not apply.

For the foregoing reasons we affirm the judgment of the trial court.

BENTON, C.J., PRICE, LIMBAUGH, COVINGTON and HOLSTEIN, JJ., and LAURA DENVIR STITH, Special Judge, concur.

WHITE, J., not participating.