Henry RIZZO, et al.,
Respondents/Cross–
Appellants,

v.

STATE of Missouri, et al.,
Appellants/Cross–
Respondents,

Mary Jo Spino, et al., Defendants.

No. SC 87550.

Supreme Court of Missouri,
En Banc.

April 25, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul C. Wilson, Asst. Atty., Gen. Alana M. Barragan-Scott, Asst. Atty. Gen., Daniel Y. Hall, Asst. Atty. Gen., Jefferson City, for Appellees.

James R. Wyrsch, Keith E. Drill, Kansas City, for Respondents.

PER CURIAM.

This case is before this Court on direct appeal from a decision of the Circuit Court of Cole County declaring section 115.348, RSMo Supp.2005,[1] unconstitutional on equal protection grounds. Mo. Const. art. V, section 3. The statute provides that no one convicted of a federal crime qualifies as a candidate for elective office in Missouri. This Court affirms on other

---

1. All further statutory references are to RSMo Supp.2005 unless otherwise noted.

grounds and holds that the bill enacting section 115.348 violates the single subject clause of the Missouri Constitution—Mo. Const. art. III, section 23.

## I. Facts and Procedural History

In 2005, the Missouri General Assembly passed and the governor signed into law House Bill 58, which included section 115.348.[2] That section provides that "[n]o person shall qualify as a candidate for elective office in the State of Missouri who has been found guilty of or pled guilty to a felony or misdemeanor under the federal laws of the United States of America." H.B. 58 was originally introduced as "An Act To repeal [seven sections, RSMo], and to enact in lieu thereof, seven new sections relating to political subdivisions, with penalty provisions." The bill, as finally passed, repealed 130 sections and added 165 new sections to the Missouri Revised Statutes.

Henry Rizzo is a member of the Jackson County Legislature and seeks reelection to that office. To that end, he filed a declaration of candidacy. The State sought to disqualify him from running for reelection pursuant to section 115.348 because he pled guilty to a charge of providing a false statement to a financial institution in 1991, a misdemeanor offense under federal law. Rizzo and two Jackson County voters filed suit, challenging the statute's constitutional validity. After trial, the circuit court held that section 115.348 violates the equal protection clause of the United States and Missouri constitutions, severed it from H.B. 58, and denied Rizzo's remaining constitutional claims as moot. The State and Rizzo both appeal.

## II. Analysis

■ This Court's standard of review for constitutional challenges to a statute is *de novo*. *Barker v. Barker*, 98 S.W.3d 532, 534 (Mo. banc 2003). Although the trial court found section 115.348 unconstitutional on equal protection grounds, this Court may consider other constitutional arguments made by the parties and may affirm on any such ground. *Lough v. Rolla Women's Clinic*, 866 S.W.2d 851, 852 (Mo. banc 1993).

■ Attacks on the constitutional validity of statutes on the basis of procedural defect are not favored. *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994). Indeed, acts of the legislature carry with them a strong presumption of constitutionality. *City of St. Charles v. State*, 165 S.W.3d 149, 150 (Mo. banc 2005). As such, this Court resolves all doubts in favor of the procedural and substantive validity of the act. *Id.* The party attacking the statute must show that a constitutionally required procedure has been "clearly and undoubtedly" violated. *Id.* at 150–51.

■ Article III, section 23 requires that bills contain no more than one subject, and its corollary provision, article III, section 21, prohibits the amendment of a bill so as to change its original purpose. Both provisions set out procedures the General Assembly must follow to ensure that the bills it introduces can be easily understood and intelligently discussed, both by legislators and the general public. *Hammerschmidt*, 877 S.W.2d at 101. These sections also seek to prevent "logrolling," which is the practice of combining several unrelated provisions in a single bill when none of the provisions individually will garner enough votes, but collectively will generate sufficient support from legislators with a strong interest in particular provisions to

---

**2.** H.B. 58 was truly agreed to and finally passed and presented to the governor as the conference committee substitute for S.C.S. H.C.S. H.B. 58.

secure a majority vote for the bill as a whole. *Id.*

Rizzo argues that the legislature violated section 23 in passing H.B. 58, an act "relating to political subdivisions, with penalty provisions," by including a section prohibiting federal criminals from running for any elective office in Missouri. Specifically, he claims that the subject of H.B. 58—political subdivisions—is not sufficiently single, readily identifiable, or narrow in purpose to withstand section 23 single subject scrutiny.

An act satisfies section 23's single subject requirement if all its provisions "fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose." *Hammerschmidt,* 877 S.W.2d at 102. A single "subject" can include "all matters that fall within or reasonably relate to the general core purpose of the proposed legislation." *Id.* This subject is discerned, whenever possible, from the title of the bill. *Id.* The question, then, becomes, does section 115.348—prohibiting federal criminals from running for elective office—reasonably relate to the stated purpose of "relating to political subdivisions?"

The term "political subdivision" is defined as "any agency or unit of this state which is now, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied...." Section 70.120.3, RSMo 2000. While section 115.348 applies to persons, such as Rizzo, running for elective office *in a political subdivision,* it is not so limited. Rather, it applies equally to candidates in statewide elections. Indeed, the section would apply to candidates for the highest elective offices in the state, including candidates for Governor and the General Assembly. It stretches logic to suggest that laws "relating to political subdivisions" would have any impact on *statewide* governmental functions.[3]

The State cites two recent opinions of this Court to support its argument that section 115.348 "fairly relates" to political subdivisions—*City of St. Charles,* 165 S.W.3d 149, and *Missouri State Medical Association v. Missouri Dept. of Health,* 39 S.W.3d 837 (Mo. banc 2001). *City of St. Charles* involved amendments prohibiting new tax increment financing districts in certain counties that had an area "designated as a flood plain by the Federal Emergency Management Agency." 165 S.W.3d at 151. These amendments were included in a bill to repeal sections and enact "new sections relating to emergency services, with penalty provisions." *Id.* at 151. This Court held that the amendments served the direct purpose of preventing new development in flood plains and thereby reduced the need for emergency services in those areas. Similarly, in *State Medical Association,* this Court held that a bill relating to "health services," which included provisions regarding insurance, health records, and pre-operation information on breast implantation, did not violate the single subject rule. 39 S.W.3d at 841.

Another recent case in which this Court upheld a provision that seemed to stretch the subject of the bill was *C.C. Dillon Co.*

---

3. The word "subdivision" is defined as "the act or process of subdividing" which, in turn, means to divide into several parts—i.e., divide into something less than the whole. WEBSTER'S THIRD INT'L DICTIONARY 2274 (1993 Unabridged). In addition to the obvious political subdivisions of counties and cities, this Court has recognized the term to apply to other relatively small governmental units, such as school districts and water supply districts. *See, e.g., Lane v. Lensmeyer,* 158 S.W.3d 218, 226 (Mo. banc 2005); *Pub. Water Supply Dist. No. 1 v. State Highway Comm'n,* 365 S.W.2d 553, 557 (Mo.1963). The Court has not, however, applied the term to statewide entities or activities.

*v. City of Eureka,* 12 S.W.3d 322 (Mo. banc 2000). In *C.C. Dillon,* this Court held that a section of a bill providing for regulation of billboards fairly related to the bill's subject of "transportation." *Id.* at 329. This decision was based on the fact that Missouri, at the direction of the United States Congress, regulated billboards to promote highway safety, promote convenience and enjoyment of highway travel, and to preserve natural beauty surrounding the highways. *Id.* at 327–28. Accordingly, this Court found that provisions relating to highway billboards were appropriate for a bill with the subject of "transportation."

In all of these cases, though the connection may not have been readily apparent, the challenged provisions fell within the broad "umbrella" subject of the bill. In the present case, section 115.348 does more than stretch the umbrella—it breaks it. While the provision may incidentally relate to political subdivisions, its scope is far more expansive.

This case is more akin to cases in which this Court found that the challenged provision violated the single subject requirement, such as *Hammerschmidt,* 877 S.W.2d 98, and *Carmack v. Director, Missouri Dept. of Agriculture,* 945 S.W.2d 956 (Mo. banc 1997). In *Hammerschmidt,* this Court struck down a provision that allowed certain counties of the state to establish a county constitution. 877 S.W.2d at 103. The provision was included in a bill entitled "relating to elections." *Id.* This Court held that while the challenged provision did contain language requiring voter approval and was therefore incidentally related to elections, the true "subject of the [provision]—its *raison d'etre*—was to authorize a new form of county governance previously unknown in Missouri." *Id.* Likewise, the *"raison d'etre"* of section 115.348 was to create a restriction on all persons convicted of federal crimes running for public office, which was previously unknown in Missouri.

■ In *Carmack,* this Court considered a provision changing the indemnification paid to owners who had livestock destroyed by the State because of communicable disease. 945 S.W.2d at 957. The provision was passed in a bill entitled "relating to economic development."[4] *Id.* This Court looked to the contents of the bill as originally filed to determine the subject.[5] *Id.* at 960. The original bill predominantly related to programs administered by the department of economic development. *Id.* Because the challenged provision affected programs administered by another executive department, it violated the single subject rule. *Id.* at 961.

As originally filed H.B. 58 amended six sections of Chapter 50, County Finances,

---

4. While this title—economic development—likely violated the clear title provision, Carmack did not raise that issue and, as such, this Court decided the case based on the single subject provision. *Carmack,* 945 S.W.2d at 960.

5. *Carmack* instructs:
Where an amorphous title to a bill renders its subject uncertain, but the party challenging the bill claims a 'one subject' violation and not a 'clear title' violation of section 23, the Court may determine the subject from one of two sources. First, the constitution itself is organized around subjects to which we can refer in determining the meaning of the single subject requirement. Second, the Court may examine the contents of the bill originally filed to determine its subject. 945 S.W.2d at 960 (internal citations omitted).
While this Court does not decide whether the title of H.B. 58 is so amorphous as to prevent this Court from ascertaining its subject, examining the contents of the bill as originally filed further illustrates that the bill's subject is related solely to political subdivisions and not statewide entities or activities.

Budget and Retirement Systems, and one section of Chapter 250, Sewerage Systems and Waterworks—City or District. Both of these chapters relate exclusively to political subdivisions. Section 115.348, which affects candidates in all elections, is clearly a separate subject.

To further illustrate section 115.348's overbreadth, it should be noted that H.B. 58 includes two other provisions that also amend Chapter 115, Election Authorities and Conduct of Elections. Section 115.013 defines several terms related to elections, including the term "political subdivision."[6] Section 115.019 involves the procedure for forming a board of election commissioners in counties of the first class. Both of these provisions directly relate to political subdivisions. Unlike section 115.348, these sections do not affect statewide entities or activities. Section 115.348 is constitutionally invalid in that it exceeds the scope of H.B. 58's declared subject—legislation relating to political subdivisions.

■ The final question is whether H.B. 58 is unconstitutional in its entirety or if section 115.348 may be severed. *Hammerschmidt* directs that when "the Court concludes that a bill contains more than one subject, the entire bill is unconstitutional unless the Court is convinced beyond a reasonable doubt that one of the bill's multiple subjects is its original controlling purpose and the other subject is not." 877 S.W.2d at 103. If there is a single central purpose, the Court "will sever the portion of the bill containing the additional subject(s) and permit the bill to stand with its primary, core subject intact." Further, section 1.140, RSMo 2000, states that if a provision of a statute is found unconstitutional, the remaining provisions are valid unless they are "so essen-

tially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one."

■ This Court has determined that the core subject of H.B. 58 is legislation relating to political subdivisions. The provisions of the bill that specifically relate to political subdivisions are not so dependent upon section 115.348, prohibiting federal criminals from running for public office, that it cannot be presumed the legislature would have passed the bill without it. Applying section 1.140, RSMo 2000, and *Hammerschmidt*, section 115.348 may be severed from the unchallenged portions of the bill. *See Carmack*, 945 S.W.2d at 961. Because this Court's analysis under article III, section 23 is dispositive, the parties' remaining constitutional claims of error are moot and need not be addressed.

## V. Conclusion

Section 115.348 violates the single subject clause of the Missouri Constitution. The judgment of the trial court is affirmed.

All concur.

---

6. Conspicuously, section 115.013.19 defines "political subdivision" even more restrictively than section 70.120.3, RSMo 2000, as "a county, city, town, village, or township of a township organization county[.]"