JACKSON COUNTY, Missouri,
Respondent/Cross–
Appellant,

v.

STATE of Missouri, et al.,
Appellants/Cross–
Respondents.

No. SC 87405.

Supreme Court of Missouri,
En Banc.

Nov. 21, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Heidi C. Doerhoff, Asst. Atty. Gen., Jefferson City, for Appellants/Cross-Respondents.

Lisa Noel Gentleman, Office of Jackson County Counselor, Kansas City, for Respondent/Cross-Appellant.

MARY R. RUSSELL, Judge.

The General Assembly passed legislation in 2005 restricting certain county executives in counties with a charter form of government from entering into contracts over $5,000 without competitive bidding. The legislation, which was included in House Bill 58 (HB 58), applied to counties with a population between 600,000–700,000 and was codified at section 67.2555, RSMo Supp.2005. The only county to which that section applied was Jackson County.

Jackson County filed suit in the circuit court, seeking to have section 67.2555 declared invalid. The circuit court found that section 67.2555 violated the special law prohibition in article III, section 40(30) of the Missouri Constitution. It did not address Jackson County's various other constitutional challenges. Both the state and Jackson County appeal the judgment directly to this Court. Mo. Const. art V, sec. 3. The judgment is reversed as Jackson County did not show that section 67.2555 is unconstitutional.

## I. Circuit Court Judgment

Section 67.2555 provides:

Any expenditure of more than five thousand dollars made by the county executive of a county with a charter form of government and with more than six hundred thousand but fewer than seven hundred thousand inhabitants must be competitively bid.

The circuit court declared section 67.2555 an unconstitutional special law and permanently enjoined its enforcement. It found that it was arbitrary and without a rational relationship to a legislative purpose. The court identified problems that section 67.2555 would create for Jackson County if the law were to go into effect.[1]

---

1. The problems identified by the circuit court included the county executive's inability to deal with emergency situations and to buy voting machines to comply with federal law.

Other identified problems included the county executive having to competitively bid on utilities regardless of whether another source of

Although the state argued that the General Assembly enacted the new law as a result of a federal investigation into corruption in the Jackson County executive's office, the court found that perceived corruption was not exclusive to Jackson County. Further, it stated that if the General Assembly was truly motivated by corruption, it should have made the law applicable to all county executives. In its written judgment, the court concluded that this was "clearly a situation where a general law could have been made applicable . . . ." Accordingly, it found section 67.2555 unconstitutional pursuant to article III, section 40(30).

The state appeals the circuit court's judgment that section 67.2555 is an unconstitutional special law. Jackson County re-raises the numerous constitutional challenges to section 67.2555 not addressed by the circuit court.

## II. Standard of Review

██ This Court reviews *de novo* whether a statute is constitutional. *Doe v. Phillips*, 194 S.W.3d 833, 841 (Mo. banc 2006). Because a statute is cloaked in a presumption of constitutionality, a statute may be found unconstitutional only if it clearly contravenes a specific constitutional provision. *State v. Kinder*, 89 S.W.3d 454, 459 (Mo. banc 2002). "Nevertheless, if a statute conflicts with a constitutional provision or provisions, this Court must hold the statute invalid." *Id.*

## III. Section 67.2555 is not a special law

██ The circuit court found that section 67.2555 was a special law in violation of article III, section 40(30) of the Missouri Constitution. That section provides that "[t]he general assembly shall not pass any local or special law . . . where a general law can be made applicable." Mo. Const. art. III, sec. 40(30).

██ A law is facially special if it is based on close-ended characteristics, such as historical facts, geography, or constitutional status. *Tillis v. City of Branson*, 945 S.W.2d 447, 449 (Mo. banc 1997). A facially special law is presumed to be unconstitutional. *O'Reilly v. City of Hazelwood*, 850 S.W.2d 96, 99 (Mo. banc 1993). "The party defending a facially special law must demonstrate a 'substantial justification' for the special treatment." *Harris v. Missouri Gaming Comm'n*, 869 S.W.2d 58, 65 (Mo. banc 1994).

██ A law based on open-ended characteristics is not facially special and is presumed to be constitutional. *O'Reilly*, 850 S.W.2d at 99. The burden is on the party challenging the constitutionality of the statute to show that the law has an arbitrary classification that lacks a rational relationship to a legislative purpose. *Treadway v. State*, 988 S.W.2d 508, 511 (Mo. banc 1999). Classifications based on population are open-ended and, therefore, they are generally presumed to be constitutional. *State ex rel. City of Blue Springs v. Rice*, 853 S.W.2d 918, 921 (Mo. banc 1993).

██ As explained in *Jefferson County Fire Protection Districts Association v. Blunt, Nixon, et al.*, not all population classifications are presumed constitutional. The presumption does not apply if: (1) a statute contains a population classification that includes only one political subdivision,

---

utilities existed, on architects even though Missouri law states architects are to be retained based on quality, and on outside legal counsel with expertise in specialized areas. As this Court finds that section 67.2555 has a

rational relationship to a legislative purpose, the question whether its implementation actually will cause any or all of these problems is not relevant and is not reached.

(2) other political subdivisions are similar in size to the targeted political subdivision, yet are not included, and (3) the population range is so narrow that the only apparent reason for the narrow range is to target a particular political subdivision and to exclude all others. If all three circumstances exist, the law is presumed to be an unconstitutional special law, and those defending the statute must show substantial justification for the classification. As discussed in *Jefferson County*, that opinion's exception applies only to the statute at issue in that opinion and all statutes passed after the date of that opinion. Even if the analysis in *Jefferson County* was applied to section 67.2555, it would still be found constitutional. The presumption of constitutionality would not be rebutted because two of the circumstances do not exist here. The statute applies to counties "with a charter form of government and with more than six hundred thousand but fewer than seven hundred thousand inhabitants." The population range in this statute (100,000) is a significant portion (14.3%) of the upper population limit in the statute (700,000). The population range here is sufficiently broad to not invoke the exception. Further, there are no counties similar in size to Jackson County. Thus, the exception is inapplicable and the statute is presumed constitutional.

As the challenger to the statute's constitutionality, Jackson County has the burden to show that section 67.2555 is an arbitrary classification that lacks a rational relationship to a legislative purpose. Jackson County did not meet its burden here. As the state points out, there is a rational reason for the classification in section 67.2555: only three counties currently have a constitutional form of government, and there are already checks on executive spending in the other two counties.[2] This is a rational reason for the classification. Section 67.2555 is not a special law.

## IV. Jackson County's Other Points

Jackson County argues that this Court should declare section 67.2555 invalid for six additional reasons.

### (1) Charter Form of Government

 Jackson County argues that section 67.2555 infringed on its right to operate under a charter form of government under article VI, section 18 of the Missouri Constitution. This argument is not supported by the plain language of article VI, section 18(b), which states:

> The charter shall provide for its amendment, for the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers, **and for the exercise of all powers and duties of** counties and **county officers prescribed by the** constitution and **laws of the state.**

Mo. Const. art. VI, sec. 18(b) (emphasis added). This constitutional provision clearly envisions the laws of the state prescribing the powers and duties of charter county officers. Further, the only limitation on the General Assembly in article VI, section 18 appears in section 18(e), which prohibits the General Assembly from enacting laws that "provide for any other office or employee of the county or fix the salary of any of its officers or employees."

---

**2.** The three counties with a charter form of government are Jackson County (pop.662, 959), St. Charles County (pop.329,940), and St. Louis County (pop.1,004,666). The charters of St. Louis County and St. Charles County require the county council's approval for the county executive to hire experts and consultants. St. Louis Charter, art. III, sec. 3.050.2; St. Charles Charter, art. III, sec. 3.604. Jackson County's charter, however, grants the executive unrestricted authority to employ experts and consultants. Jackson County Charter, art. III, sec. 6.2.

Section 67.2555 neither provides for another office or employee of Jackson County nor does it fix the salary of any Jackson County officer or employee. Rather, it prescribes that the county executive must competitively bid certain expenditures. Section 67.2555 is permitted by article VI, section 18(b).[3]

### (2) Single Subject

■ Article III, section 23 of the Missouri Constitution requires that "[n]o bill shall contain more than one subject." Jackson County argues that HB 58 violated this single subject requirement.

■ The single subject requirement of the Missouri Constitution requires that all of a bill's provisions "fairly relate to the same subject, have a natural connection therewith or are incidents or means to accomplish its purpose." *Hammerschmidt v. Boone County*, 877 S.W.2d 98, 102 (Mo. banc 1994). The single subject of a bill is its "general core purpose," which is discerned, whenever possible, from the bill's title. *Id.*

In *Rizzo v. State*, 189 S.W.3d 576 (Mo. banc 2006), this Court found that a different section in HB 58 violated the single subject clause of the Missouri Constitution. The challenged section in that case, section 115.348, RSMo Supp.2005, provided that "no person shall qualify as a candidate for elective office in the State of Missouri who has been found guilty of or pled guilty to a felony or misdemeanor under the federal laws of the United States of America." This Court found that the subject of HB 58 was its title—relating to political subdivisions. As section 115.348 applied to both local and statewide elections and not just to elections in political subdivisions, it was far more expansive than the title. *Rizzo*, 189 S.W.3d at 580.[4] Although HB 58's inclusion of section 115.348 violated the single subject requirement, this Court did not strike down HB 58 in its entirety. Rather, section 115.348 was severed and the rest of HB 58 was left intact.

Jackson County seems to argue that because this Court found that HB 58's inclusion of section 115.348 violated the single subject rule, the theory of collateral estoppel should apply and all of the sections in HB 58 should be stricken, including section 67.2555. This argument completely disregards the severance analysis in *Rizzo* in which section 115.348 was severed and the remainder of HB 58 was left intact.

Jackson County failed to explain how section 67.2555 does not fairly relate to political subdivisions. Indeed, section 67.2555 only applies to county executives in certain political subdivisions. The inclusion of section 67.2555 in HB 58 does not violate the single subject requirement.

### (3) Original Purpose

Jackson County incorrectly asserts that in *Rizzo*, this Court found HB 58 violated

---

**3.** Jackson County cites *State ex inf. Dalton ex rel. Shepley v. Gamble*, 365 Mo. 215, 280 S.W.2d 656 (banc 1955), to support its argument that section 67.2555 violates article VI, section 18. That case, however, does not address the issue presented here. In *Gamble*, the issue was whether the St. Louis County Sheriff and constables were county officers whose duties St. Louis County could allocate by charter. The Court found that they were county officers and their duties could be allocated by charter. Here, the issue is not whether a county can allocate statutory powers by charter among county employees, but whether the General Assembly can require a county executive to competitively bid certain expenditures. *Shepley* does not provide guidance on this issue.

**4.** Further, this Court noted that the provisions in HB 58 as it was originally filed related only to political subdivisions and did not affect statewide entities or activities. *Rizzo*, 189 S.W.3d at 580–81.

the original purpose doctrine. It seems to argue that because of this Court's finding in *Rizzo*, HB 58 should be struck down due to the doctrine of collateral estoppel. As previously discussed, this Court decided *Rizzo* on the single subject requirement and severed section 115.348 from HB 58. The doctrine of collateral estoppel is inapplicable because there was no finding that any provision in HB 58 violated the original purpose doctrine.

### (4) Clear Title

■ Although Jackson County stated in its brief that HB 58 violated the clear title clause of the Missouri Constitution, Jackson County failed to cite any authority for this claim in its brief. As such, the point was not preserved for appellate review. *See* Rule 84.04; *Burkholder ex rel. Burkholder v. Burkholder*, 48 S.W.3d 596, 598 (Mo. banc 2001).

### (5) Vagueness and Overbreadth

■ Jackson County next argues that section 67.2555 is defective due to it vagueness and overbreadth. The doctrine of vagueness stems from the due process clause. *State v. Mahan*, 971 S.W.2d 307, 312 (Mo. banc 1998). Political subdivisions, such as counties, are not "persons" within the protection of the due process clause of the United States Constitution. *City of Chesterfield v. Dir. of Revenue*, 811 S.W.2d 375, 377 (Mo. banc 1991). As Jackson County is not a "person" under the due process clause, it cannot bring a vagueness challenge to section 67.2555.

■ Jackson County also states that section 67.2555 is overly broad. Overbreadth challenges arise under the First Amendment. *Mahan*, 971 S.W.2d at 312. Jackson County did not explain how section 67.2555 implicates the First Amendment, nor did it cite a single case in its brief supporting its statement that section 67.2555 is overbroad. This point was not

preserved for appellate review. *See* Rule 84.04; *Burkholder*, 48 S.W.3d at 598.

### (6) Article III, sec. 42's Notice Provisions

Jackson County's final point is that section 67.2555 violated article III, section 42 of the Missouri Constitution. That constitutional provision requires the General Assembly to give notice of local and special legislation. Since section 67.2555 is not a special law, this constitutional provision is not applicable. *See* Part III.

### V. Conclusion

The circuit court's judgment that section 67.2555 is an unconstitutional special law is reversed. Jackson County's additional claims are without merit. Accordingly, judgment is entered on behalf of the state. Rule 84.14

All concur.